IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | | Case No. 3:04CV0326 |
| Plaintiff, | : | Case No. 3:03CR013 |
| | | |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| WILLIE D. FINLEY, | : | |
| | | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

### I. INTRODUCTION

This case is before the Court on Defendant, Willie Finley's ("Finley") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C § 2255(Doc. # 117), Respondent's Answer (Doc. # 130), Finley's Traverse/Reply Memorandum (Doc. # 148), the Transcript of the Evidentiary Hearing (Doc. # 135), and the record as a whole.

Finley pleads the following claims for relief:

**Ground One**: Denial of effective assistance of counsel.

**Supporting Facts**: Counsel's failure to file a motion to dismiss the subsequently filed indictment that violated petitioner's Sixth Amendment right to a Speedy Trial under 18 U.S.C. § 3161(b), constitutes ineffective assistance of counsel.

**Ground Two**: Abuse of Discretion.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

**Supporting Facts**: The District Court (Magistrate Judge) abused its discretion when granting the government's motion for dismissal without prejudice, without using the statutory (3162(a)(1)) three factors courts must consider when deciding whether to dismiss an action with or without prejudice.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On December 6, 2002, Finley was arrested pursuant to a federal criminal complaint and taken into custody. (Doc. # 1). On December 10, 2002, a preliminary examination and detention hearing was conducted and the matter was bound over to the grand jury and Willie Finley was detained. (Doc. # 8). On January 14, 2003, the undersigned dismissed the complaint against Finley without prejudice and Finley was released from custody. (Doc. # 11). The dismissal order did not include written findings regarding each of the factors set forth in 18 U.S.C. § 3162(a)(2).

On January 28, 2003, an Indictment was filed charging Finley with:  Count 1, Conspiracy to Possess with Intent to Distribute and to Distribute Heroin, a Schedule I controlled substance and Crack Cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846; Counts 2 and 4, Distribution of Heroin, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(C); Counts 6 and 8, Possession of a Firearm during and in relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1); and Count 10, Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(n). (Doc. # 14 Indictment). On January 31, 2003, Finley was arrested pursuant to the Indictment and was arraigned on February 7, 2003.   (Doc #20, Minutes and Doc. # 36, Minutes). On May 27, 2003, Finley appeared with counsel before Judge Thomas M. Rose, and entered a plea of guilty to Counts 1, 6 and 10 of the Indictment. Counts 2, 4 and 8 were dismissed by the Government. (Doc. #85).   The pleas of guilty were made pursuant to a written Plea Agreement. (Doc. # 88).

On August 29, 2003, Finley and his attorney, L. Patrick Mulligan, ("Mulligan") appeared before Judge Walter H. Rice for a sentencing hearing. The Court imposed a sentence of 120 months on Count 1 and 60 months each on Counts 6 and 10. The sentences were ordered to be served concurrently.(Doc. #103). After pronouncing the sentence in open court, Judge Rice informed Finley of his right to appeal, and Finley acknowledged his understanding of that right. (Doc. # 104).

### III. ANALYSIS

#### 1. Finley's First Ground for Relief Lacks Merit and Should be Denied

Finley's First Ground for Relief claims that trial counsel rendered ineffective assistance for failing to move for dismissal based on speedy trial grounds. Claims of ineffective assistance of counsel may be raised in a §2255 motion even if such claims could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 123 S. Ct. 1690 (2003); *United States v. Neuhausser*, 241 F. 3d 460 (6th Cir. 2001).

In order to show a violation of the Sixth Amendment right to counsel, a defendant must satisfy the two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must demonstrate that the attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. With respect to this performance element of the Strickland test, "[i]t will generally be appropriate for a reviewing court to assess counsel's overall performance throughout the case in order to determine whether the 'identified acts or omissions' overcome the presumption that a counsel rendered reasonable professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365,

3

386, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. This prejudice element "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

In a guilty plea context, while the performance prong of the *Strickland* test remains the same, to establish prejudice the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003); *Warner v. United States*, 975 F.2d 1207, 1214 (6th Cir. 1992).

Counsel's tactical decisions are particularly difficult to attack under the *Strickland* standard. *O'Hara v. Wiggington*, 24 F. 3d 823, 828 (6th Cir. 1994). As the Sixth Circuit has noted, strategic choices made by defense counsel are "virtually unchallengeable." *Buell v. Mitchell*, 274 F. 3d 337, 359(6th Cir. 2001).

At the evidentiary hearing held in this matter, Finley testified that his trial counsel never informed him of any Speedy Trial Act issue and that if he had, he would have tried to file a motion to dismiss the indictment. (Doc. # 135 at 22-23). Finley testified: "I wouldn't have pled out like that knowing I had another issue I could try to get back on. I wouldn't have." (Doc. # 135 at 24). Finley's trial counsel testified at the hearing that in his opinion, a motion to dismiss based on the delay in indictment would not have been successful. (Doc. # 135 at 53, 61). Counsel

4

considered the charges set forth in the Indictment to be serious and believed the plea agreement which he negotiated on Finley's behalf was advantageous because it resulted in the dismissal of a charge carrying with it a twenty-five year mandatory sentence. (Doc. # 135 at 61-63). Counsel could not identify any actual prejudice suffered by Finley as a result of the delay. (Doc. # 135 at 64).

In his Traverse/Reply Memorandum, Finley argues that he was prejudiced by counsel's failure to pursue a Motion to Dismiss because "[a]rguably, with the Government facing a potential appellate issue caused by such a motion and the potential that the Court could find that the original dismissal should have been with prejudice, the United States may have been more likely to file a Motion for Substantial Assistance in exchange for the Petitioner's agreement to forego Speedy Trial Act claims." (Doc. # 148 at 9). The United States, on the other hand, argues that filing such a motion would have placed a highly advantageous plea agreement in jeopardy and would not have been successful in any event.

"The Speedy Trial Act does not specify whether dismissal should be with or without prejudice, nor does it contain a default presumption one way or the other." *United States v. Howard,* 218 F.3d 556, 561 (6th Cir. 2000)(citing 18 U.S.C. § 3162(a)(2). However, it enumerates three factors a court shall consider in determining whether to dismiss a case with or without prejudice: "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2);*United States v. Robinson* 389 F.3d 582, 588 (6th Cir. 2004)(indicating district courts should set forth written findings with regard to each of these factors for appellate purposes). The first factor favors dismissal without

prejudice. This was a serious case involving drugs, firearms in relation to drug trafficking and possession of firearms by a prohibited person. Finley concedes that the offenses charged against him were serious. However, he cites to the case of *United States v Moss* (6th Cir. 2000) 217 F3d 426, in support of his contention that the seriousness of the charges does not end the inquiry. In *Moss,* the defendant appealed his conviction for possession of cocaine with intent to distribute. The Sixth Circuit held that the District court's decision to dismiss the original indictment without prejudice was clearly erroneous, where the court did not adequately address two of the three statutory factors set forth in 18 U.S.C. § 3162(a) and failed to acknowledge that the reason for the ten months of the delay was that a motion to suppress was under advisement and the court failed to consider whether that ten month delay was approaching the point of being presumptively prejudicial.

     While the seriousness of the offense is but one of three factors to consider, Finley's reliance on *Moss* is misplaced. Even though there was a delay in indictment in violation of the Speedy Trial Act, there is no evidence of prosecutorial bad faith nor any attempt to take tactical advantage of the delay by the Government. The delay was a matter of weeks not months and Finley was released from jail during the period in question."The last factor this Court must consider is the impact of the reprosecution on the administration of justice. The main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act." *United States v. Robinson,* 389 F.3d 582, 589 (6th Cir. 2004) (not abuse of discretion to dismiss indictment without prejudice because defendant failed to show prejudice caused by inadvertent

delay). Neither Finley nor his trial counsel could identify any prejudice, such as the loss of a witness or key evidence, that resulted from the delay at issue. Moreover, there is no evidence that the Government engaged in misconduct. As such, this Court concludes that even if a motion had been made there was effectively no possibility that the indictment would have been dismissed with prejudice because all three factors weigh heavily in favor of dismissal without prejudice.  Such a motion, moreover, would have been obviously unsound strategy. Finley received a highly desirable guilty plea. A speedy trial motion would have served only to put a highly advantageous plea in jeopardy and could have garnered no benefit for Finley. Finley's argument that he was deprived of the opportunity to obtain an even better deal is highly speculative. Had Finley's counsel filed a speedy trial motion, it is equally likely that the Government would have insisted on going to trial on all of the charges.  There is no reasonable probability that, but for counsel's errors, Finley would not have pleaded guilty and would have insisted on going to trial.

      This court's conclusion also finds strong support in cases involving ineffective assistance of counsel claims based on purported failures of counsel to object to violations of other provisions of the Speedy Trial Act, such as 18 U.S.C. § 3161(c). See, e.g., *United States v. Jackson,* 22 Fed. Appx. 396, 398 (6th Cir. 2001) (rejecting a defendant's ineffective assistance of counsel claim where, although the failure to seek a dismissal deprived the defendant of his right to request a dismissal with prejudice, the defendant failed to show "a reasonable probability that the district court would have dismissed the indictment with prejudice"); *United States v. Theurer,* 1994 U.S. App. LEXIS 21412, 1994 WL 420072, *7 (7th Cir. Aug. 11, 1994) (rejecting a claim that counsel's performance was ineffective where the defendant had not demonstrated that "her

attorney's failure to file the motion to dismiss on Speedy Trial grounds had any adverse impact on the fairness of her trial"); *United States v. Matlock,* 2006 U.S. Dist. LEXIS 4889, 2006 WL 306902, \*4 (E.D. Cal. Feb. 8, 2006) (concluding that a *§ 2255* petitioner failed to establish ineffective assistance of counsel because "even if defendant had moved to dismiss, successfully, such dismissal would have been without prejudice to the government obtaining a new indictment, in light of the seriousness of the case, the lack of bad faith by the government concerning delay, and the public interest in the administration of justice to enforce drug laws"); see also *United States v. Carreon,* 626 F.2d 528, 533 (7th Cir. 1980) (concluding that a dismissal of an indictment without prejudice was proper where the crimes were serious, the defendant claimed no prejudice as a result of the delay, the government did not intentionally seek the delay, and the circumstances of the case were not likely to recur). Finley has failed to establish that his counsel rendered ineffective assistance and therefore his First Ground for Relief should be rejected.

**2.      Finley's Second Ground for Relief is Procedurally Defaulted and Should be Denied**

A petitioner's failure to raise a claim on direct appeal results in procedural default of that claim. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). This court can only review claims that are procedurally defaulted if there is good cause for failing to do so and the petitioner would suffer actual prejudice if the arguments are precluded.[1]  *Goode*, 305 F.3d at 382. It is well-settled that a § 2255 motion may not be used to relitigate questions which were raised or should have been raised and considered

---

[1] A petitioner can also overcome procedural default by establishing that "he is actually innocent of the subject offense." *Goode v. United States*, 305 F.3d 378, 382 (6th Cir. 2002). Finley pleaded guilty to the underlying offense and does not contend in his habeas petition that he is actually innocent.

8

on direct appeal. *Van Buskirk v United States,* 343 F. 2d 158 (6th Cir. 1965); *Dupont v United States,* 76 F.3d 108 (6th Cir. 1996); *Mars v. United States,* 615 F. 2d 704 (6th Cir. 1980); *Mathews v. United States,* 11 F. 3d 583 (6th Cir. 1993). Finley did not move to dismiss his case for the violation of the Speedy Trial Act prior to his plea and did not file a direct appeal. Finley's failure to move for dismissal prior to his plea constitutes a waiver of his right to dismissal under the Act. *United States v. Register*, 182 F.3d 820, 820 (11th Cir. 1999)(failure to move for dismissal on speedy trial grounds prior to trial waives right to sanctions under the Act), *cert. denied*, 530 U.S. 1250 (2000); *United States v. Tenorio-Angel*, 756 F.2d 1505, 1508 (11th Cir. 1985); *United States v. Roggio*, 863 F.2d 41, 42 (11th Cir. 1989).

Accordingly, Finley's Motion to Vacate, Set Aside, or Correct Sentence lacks merit and should be denied. Because no reasonable jurist would disagree with this conclusion, Finley should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability

## IT IS THEREFORE RECOMMENDED THAT:

1. Finley's Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 127) be DENIED; and,

2. This case be terminated on the docket of this Court.

June 15, 2007

               s/ Sharon L. Ovington
                Sharon L. Ovington
              United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).