IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WILLIE D. FINLEY,
        Movant,

    vs.                          Case No. 3:04cv326
                              (Related Criminal Case 3:03cr013)

UNITED STATES OF AMERICA,    JUDGE WALTER HERBERT RICE

        Respondent.

---

DECISION AND ENTRY ADOPTING RESULT CONTAINED IN THE REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #160); MOVANT'S OBJECTIONS TO SAID JUDICIAL FILING (DOCS. #162 AND #163) OVERRULED; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST MOVANT DENYING MOVANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, FILED PURSUANT TO 28 U.S.C. § 2255; TERMINATION ENTRY

---

Pursuant to the result set forth in the Report and Recommendations of the United States Magistrate Judge, filed June 15, 2007 (Doc. #160), as well as upon a thorough review of this Court's file and the applicable law, said result set forth in the Report and Recommendations is adopted in its entirety. Movant's Objections to said judicial filing (Docs. #162, by counsel; #163, *pro se*) are overruled. Judgment will be ordered entered in favor of the Respondent and against Movant

herein, dismissing Movant's Motion, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct sentence.

In ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The Speedy Trial Act, 18 U.S.C. § 3161, et seq., was not violated, as a result of the Defendant's December 6, 2002, arrest on a criminal complaint and the dismissal of that complaint on January 14, 2003, without an indictment having been returned. Under that statute, an indictment must be returned within 30 days of the date upon which an individual has been arrested. See 18 U.S.C. § 3161(b). Of course, certain periods of delay are excluded from the computation of the 30-day period. See 18 U.S.C. § 3161(h). The Defendant was arrested on December 6, 2002; however, the 30-day clock did not then begin to run, since the Government had filed a Motion to Detain (Doc. #4) on that date. See 18 U.S.C. § 3161(h)(1)(F) (providing that period of delay from the filing of a pretrial motion through the completion of the hearing is excluded). That motion was sustained on December 10, 2002, at the conclusion of a detention hearing conducted on that date. See Doc. #8. Therefore, the 30-day clock began to run the following day. Twenty-one days had expired, when, on January 2, 2003, Defendant filed a document captioned "Objections." See Doc. #10. However, regardless of the caption of that document, it is unquestionably a motion for release on bond. Therefore, the speedy trial act was tolled on January 2, 2002. Since that motion

had not been ruled upon when the criminal complaint against the Defendant was dismissed on January 14, 2002 (see Doc. #11), only 21 days had expired.  See 18 U.S.C. § 3161(h)(1)(J) (providing that a court has 30 days to rule on a motion. Accordingly, the Speedy Trial Act was not violated herein.

2. However, even assuming arguendo that the Act was violated, the Defendant would not be entitled to the requested relief.  While, arguably, counsel would fall below the standard required in the first prong of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 252 (1984), under that hypothetical set of facts, by failing to advise his client of his right to file a motion directed to the Government's failure to timely indict, within the meaning of the Speedy Trial Act, and, in addition, to seek that dismissal of the Indictment, with prejudice, Movant fails to satisfy the second prong of the Strickland test, given that it cannot be said that counsel's performance, even if deficient, rendered the result of the Movant's criminal prosecution unreliable or fundamentally unfair.  Based on testimony at the oral and evidentiary hearing before the Magistrate Judge, and a review of the record in this case, it appears, to this Court, that the probability of the Magistrate Judge's dismissal of the Indictment, with prejudice, would have been close to nil. Moreover, the Movant's contention that had he objected to the dismissal without prejudice, the Government might have been sufficiently leery of his appeal on that issue, so as to offer him a motion regarding substantial assistance or a more favorable plea bargain, is rank speculation, at best.

WHEREFORE, based upon the aforesaid, this Court, having adopted the result contained in the Report and Recommendations of the United States Magistrate Judge (Doc. #160), and, further, having overruled the Defendant's Objections to that judicial filing (Docs. #162 and #163), orders the entry of judgment in favor of the Respondent and against Movant herein, denying his Motion to Vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255.

Because no reasonable jurist would disagree with the decision rendered herein, Defendant is denied a Certificate of Appealability.  Further, given that any appeal from this Court's action would be objectively frivolous, this Court would deny any anticipated motion to appeal *in forma pauperis*.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

                                                      /s/ Walter Herbert Rice

September 25, 2007                WALTER HERBERT RICE
                                          UNITED STATES DISTRICT JUDGE

Copies to:

James Fleischer, Esq.
Willie D. Finley
Vipal Patel, Esq.

WHR:slc