# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | | Case No. 3:04CV0326 |
| Plaintiff, | : | Case No. 3:03CR013 |
| | | |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| WILLIE D. FINLEY, | : | |
| | | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.     INTRODUCTION

This case is before the Court on Defendant Willie Finley's ("Finley") Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582 and the record as a whole.

Finley pleads the following claim for relief:

**Ground One**: Error in Sentencing.

**Supporting Facts**: The District Court erred in sentencing Finley to a consecutive term of imprisonment under 18 U.S.C. § 924(c) when a greater minimum sentence was provided by 21 U.S.C. § 841(B).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On January 28, 2003, an Indictment was filed charging Finley with:  Count 1, Conspiracy to Possess with Intent to Distribute and to Distribute Heroin, a Schedule I controlled substance and Crack Cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846; Counts 2 and 4, Distribution of Heroin, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(C); Counts 6 and 8, Possession of a Firearm during and in relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1); and Count 10, Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(n).  (Doc. # 14, Indictment). On January 31, 2003, Finley was arrested pursuant to the Indictment and was arraigned on February 7, 2003.   (Doc #20, Minutes and Doc. # 36, Minutes).  On May 27, 2003, Finley appeared with counsel and entered a plea of guilty to Counts 1, 6 and 10 of the Indictment. Counts 2, 4 and 8 were dismissed by the Government.  (Doc. #85). The pleas of guilty were made pursuant to a written Plea Agreement.  (Doc. # 88).

On August 29, 2003, Finley and his attorney, L. Patrick Mulligan, ("Mulligan") appeared before Judge Walter H. Rice for a sentencing hearing.  The Court imposed a sentence of 120 months on Count 1 and 60 months each on Counts 6 and 10. The sentences were ordered to be served concurrently.(Doc. #103). After pronouncing the sentence in open court, Judge Rice informed Finley of his right to appeal, and Finley acknowledged his understanding of that right. (Doc. # 104). However, Finley did not file a direct appeal.

Finley filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28

U.S.C. § 2255 (Doc. #117), which was overruled on September 25, 2007. (Doc. #166). On March 24, 2008 Finley filed a Motion to Correct Sentence on Improper Criminal History Points pursuant to 18 U.S.C. § 3582(c)(2). (Doc. #170). Finley's Motion was denied on March 31, 2009. (Doc. #177). This case is before the Court on Finley's second Motion for Modification of Sentence pursuant 18 U.S.C. § 3582.

**III. Discussion**

Finley brings his Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582; however, his Motion is properly construed as a Motion pursuant to 28 U.S.C. § 2255. The United States Court of Appeals for the Sixth Circuit has explained when it is appropriate to construe a motion titled as a § 3582 motion as a motion under § 2255:

> When a § 3582 motion requests the type of relief that § 3582 provides for - that is, when the motion argues that sentencing guidelines have been modified to change the applicable guidelines used in the defendant's sentencing - then the motion is rightly construed as a motion to amend sentencing pursuant to § 3582. On the other hand, when a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits and should be construed as a § 2255 motion. Any second or successive § 2255 motion shall be subjected to the authorization process mandated by *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

*U.S. v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). Here, Finley titles his Motion as one pursuant to § 3582, but goes on to claim "[t]he District Court erred in sentencing defendant to a consecutive term of imprisonment under [18 U.S.C. §] 924(c) when a greater minimum sentence was provided by 21 U.S.C. 841(B)." (Doc. #178 at 416). Because Finley is plainly attacking the underlying sentence in his case, his Motion is properly construed as a Motion pursuant to § 2255.

Because Finley has already filed a motion pursuant to § 2255 (Doc. #117), which has been denied, he is required to seek an order from the Sixth Circuit Court of Appeals authorizing the District Court to consider the application. *See* 28 U.S.C. § 2244(b)(3). When a prisoner files a second petition for relief under § 2255 without authorization from the appropriate appellate court, "the district court shall transfer the document to an appellate court pursuant to 28 U.S.C.S. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Finley's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582 be construed as a Motion Pursuant to 28 U.S.C. § 2255;

2. Finley's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582 (Doc. #178), as construed as a § 2255 Motion, be TRANSFERRED to the United States Court of Appeals for the Sixth Circuit; and,

3. This case remain terminated on the docket of this Court.

October 12, 2011

                                                s/Sharon L. Ovington
                                                   Sharon L. Ovington
                                         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).